IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**December 6, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NORINA D.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-222**   (Fam. Ct. Jackson Cnty. Case No. FC-18-2023-D-15)

**DAVID D.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Norina D.[1] appeals the Family Court of Jackson County's May 1, 2024, final order denying her petition for the modification of custody. Respondent David D. responded in support of the family court's decision.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is vacated and remanded to the family court with directions as set forth herein.

Norina D. ("Mother") and David D. ("Father"), previously married, are the parents of one child, J.D., born in 2008. Events leading to this appeal began when Mother filed a petition for the modification of custody in September of 2023. In her petition, Mother alleged that Father failed to give the child his medicine, ensure proper school attendance and homework completion, and enforce an appropriate bedtime.

The final hearing was held on April 30, 2024. At that hearing, Mother orally moved the family court to conduct an in camera interview of the child to obtain his firm and reasonable preference pursuant to West Virginia Code § 48-9-402(b)(3-(4) (2022).[3] Father

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] West Virginia Code § 48-9-402(b)(3)-(4) states:

objected to Mother's motion. The family court denied Mother's motion because she failed to file a timely motion for an in camera interview of the child.[4] Mother stated that she wished to proceed with her own testimony if the court was unwilling to interview the child. In doing so, she testified that J.D. was unsafe at Father's residence because Father allegedly shot at other children, was arrested for kidnapping another child from the State's custody, left J.D. unattended for an excessive amount of time, permitted drug use in the home, and provided poor living conditions in the home. Mother also testified that she had not been inside the home since the parties separated in late 2023.

Also at the final hearing, Father testified that he did not shoot a firearm toward any child, that he was not arrested for nor charged with the alleged kidnapping, and that he has never left the child alone overnight. He further testified that his home was cleaner than it was during the parties' marriage.

The family court denied Mother's petition for modification because she "did not have any direct knowledge [or] admissible evidence regarding [her] allegations." As such, the court found that Mother failed to prove a significant change in circumstances had occurred that would warrant a modification to the parenting plan.[5] The final order was entered on May 1, 2024, and is the order from which Mother now brings her appeal.

---

The court may modify any provisions of the parenting plan without the showing of the changed circumstances required by § 48-9-401(a) of this code if the modification is in the child's best interests, and the modification:
. . .
(3) Is necessary to accommodate the reasonable and firm preferences of a child who, has attained the age of 14; or
(4) Is necessary to accommodate the reasonable and firm preferences of a child who is under the age of 14 and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference;

[4] Mother stated in her brief that she contacted the family court to inquire about having the child testify regarding his custodial preferences and that the family court advised her that she did not need to file anything and could simply bring the child to the hearing. Father did not dispute this statement.

[5] West Virginia Code § 48-9-401(a) (2022) addresses the requirements for a custody modification and states:

a court shall modify a parenting plan if it finds, on the basis of facts that were known or have arisen since the entry of a prior order and were not anticipated

2

For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Mother raises three assignments of error on appeal, which we will consolidate as they are closely related.[6] In sum, Mother asserts that the family court erred in finding that she failed to timely move for an in camera interview of the child. Because the child's testimony would have served as Mother's evidence, she contends that the family court's refusal to speak with the child resulted in her petition for modification being denied for the failure to present evidence or prove that a substantial change in circumstances had occurred. We agree, in part. Rule 17(b) of the West Virginia Rules of Practice and Procedure for Family Court states, "[a] motion to offer the testimony of a child under the age of 14 shall be in writing; and shall be filed with the circuit clerk, provided to the court, and served on all parties not less than 20 days before the hearing." In this case, since the child was over the age of fourteen at the time of the hearing, a written motion was not required.

In addition to Rule 17(b), West Virginia Code §§ 48-9-402(b)(3)-(4) states that a family court may modify any provisions of the parenting plan to accommodate the reasonable and firm preferences of a child who has attained the age of fourteen as long as the modification is in the child's best interest. Thus, the family court had the authority and discretion to obtain the child's custodial preferences and to consider the child's preference when deciding whether to modify the parenting plan. By not obtaining the child's firm and reasonable preference, the family court failed to exercise its discretion in any meaningful way.[7] Accordingly, we vacate the May 1, 2024, order denying Mother's petition for modification, and remand this matter to the Family Court of Jackson County with

---

in the prior order, that a substantial change has occurred in the child or both parents and a modification is necessary to serve the best interests of the child.

[6] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

[7] *See Kevin R. v. Megan H.*, No. 24-ICA-135, 2024 WL 4591046 (W. Va. Ct. App. October 28, 2024) (memorandum decision).

3

directions to either obtain the child's firm and reasonable preference or to issue a more thorough order with sufficient findings of fact and conclusions of law explaining why the child, who is now sixteen years old, should not have the opportunity to express his preferences to the family court. The final order is hereby converted to a temporary order until the entry of a new final order consistent with this decision is issued by the family court.

Vacated and Remanded, with Directions.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4